CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHEREE D. WIMMER, | ) |
| | ) Civil Action No. 7:15CV00487 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Sheree D. Wimmer, was born on December 18, 1957. While Mrs. Wimmer did not complete her high school education, she later earned a GED. Plaintiff has worked as a pharmacy technician, realtor, and truck driver. She last worked on a regular basis on September 10, 2010. On February 1, 2012, Mrs. Wimmer filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on September 10, 2010, due to fibromyalgia, chronic fatigue syndrome, sleep

apnea, degenerative disc disease, and restless leg syndrome. Mrs. Wimmer now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Wimmer is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2010. See generally, 42 U.S.C. § 423(a).

Plaintiff's claim for disability insurance benefits was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 14, 2014, the Law Judge also determined that Mrs. Wimmer is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including fibromyalgia, obesity, fatigue, sleep apnea, and restless leg syndrome. (TR 20). However, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform light work activity. The Law Judge assessed Mrs. Wimmer's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could have no more than occasional exposure to temperature extremes and no exposure to hazards.

(TR 22). Given such a residual functional capacity, and after considering Mrs. Wimmer's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that, at all relevant times prior to the termination of her insured status, Mrs. Wimmer retained sufficient capacity to return to her past relevant work as a pharmacy technician. The Law Judge also held that, at all relevant times on and before December 31, 2010, plaintiff retained sufficient functional capacity to perform other light work roles existing in significant

2

number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Wimmer was not disabled at any time prior to the termination of her insured status, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Wimmer has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Wimmer carries diagnoses of sleep apnea, chronic fatigue, and fibromyalgia. She also suffers from obesity and restless leg syndrome. In November of 2012, almost two years after the termination of plaintiff's insured status, Carolyn Walker, a nurse practitioner, opined that Mrs. Wimmer's fibromyalgia has reached a disabling level of severity. Mrs. Wimmer testified at the administrative hearing that, in addition to her pain, she quit working because of the chronic fatigue associated with her sleep apnea. However, the court believes that in concluding that plaintiff was not disabled prior to the termination of insured

3

status, the Administrative Law Judge reasonably relied on reports completed in the months prior to and shortly after December 31, 2010. Dr. Donald M. Zedalis has treated plaintiff's sleep disorder over a period of several years. On March 16, 2011, Dr. Zedalis reported that Mrs. Wimmer has suffered from severe obstructive sleep apnea since March of 1998, and that her sleep apnea is reasonably controlled through use of a CPAP apparatus. (TR 244-45). On July 29, 2010, Dr. Zedalis noted that plaintiff is "doing relatively well in regards to her insomnia." (TR 450). While Dr. Zedalis reported that Mrs. Wimmer continued to experience some difficulty staying awake, he considered her sleep apnea to be relatively well-controlled with her treatment regimen. Mrs. Wimmer first received rheumatological treatment for her fibromyalgia on April 19, 2011. On that occasion, Dr. Catherine Daniel considered plaintiff's sleep apnea to be "stable." (TR 265). On June 21, 2011, Dr. Daniel noted that Mrs. Wimmer was receiving some help for her fibromyalgia symptoms with Neurontin. (TR 261). Dr. Daniel reported that she would see Mrs. Wimmer on an as-needed basis. (TR 262).

In his opinion, the Administrative Law Judge offered the following assessment of the relatively limited body of medical evidence completed during the period before and shortly after termination of insured status:

> In this case, the claimant has not consistently complained of and sought treatment for symptoms related to her sleep apnea, fibromyalgia, and fatigue. The claimant sought significant treatment from March to September 2010. However, after September 2010, the alleged onset date, she returned to Dr. Zedalis and reported that she was doing better. She saw a rheumatologist twice in 2011, but she reported that her Neurontin helped her fibromyalgia. She rarely sought treatment for her allegedly disabling impairments after that. Though not dispositive of the case, such failure is a factor in analyzing the credibility of claimant's allegations.

(TR 24). Considering the reports of Dr. Zedalis and Dr. Daniel, the court must conclude that the Law Judge's findings are supported by the reports and clinical findings of plaintiff's treating

4

physicians. Having found substantial evidence to support the Law Judge's disposition, it follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff has offered several arguments in support of her assertion that the Commissioner's final decision is not supported by substantial evidence. Mrs. Wimmer maintains that the Law Judge erred in giving little weight to the report of the nurse practitioner, Carolyn Walker. While it is true that Ms. Walker's physical findings suggest that plaintiff's fibromyalgia has now reached a disabling level of severity, the court again notes that the nurse practitioner did not offer her findings and opinions until almost two years after the termination of plaintiff's insured status. Indeed, Mrs. Wimmer did not seek treatment from a rheumatologist until after her insured status had expired. Moreover, the administrative regulations provide that greater weight should normally be given to the findings and opinions of treating physicians such as Dr. Zedalis and Dr. Daniel. See 20 C.F.R. § 404.1527(b)(2). To the extent that the nurse practitioner's assessment conflicts with the clinical findings of the medical doctors, the court agrees that the Law Judge reasonably afforded greater weight to the findings of the physicians.

On appeal, Mrs. Wimmer also argues that the Law Judge failed to consider her obesity, which the Law Judge held to be a severe impairment. However, the court notes that none of the doctors who saw plaintiff considered her obesity to be a significant medical concern, much less one which would interfere with her capacity to perform work. Moreover, in Mrs. Wimmer's case, the court believes that her weight problems have proven susceptible to reasonable medical control. For example, at the time of the administrative hearing on January 29, 2014, plaintiff testified that she had lost 42 pounds and weighed about 205. (TR 43). The court finds no basis on which to conclude that the Law Judge's opinion is deficient in terms of his consideration of plaintiff's severe obesity.

Finally, Mrs. Wimmer asserts that the Law Judge failed to properly consider her testimony, and credit her physical symptoms of fatigue, pain, drowsiness, and lack of stamina in finding that plaintiff remained capable of performing light work activity at all relevant times prior to the termination of her insured status. It is true that plaintiff's physical symptoms, at least as described at the administrative hearing on January 29, 2014, strongly suggest that she is no longer able to perform any reasonable work activity. However, the court agrees that plaintiff's testimony is somewhat inconsistent with the complaints presented to her physicians, and the clinical findings of her physicians during the critical period prior to December 31, 2000 and in the months thereafter. Thus, the court believes that there is substantial evidence to support the Law Judge's decision not to fully credit Mrs. Wimmer's testimony. More to the point, the Administrative Law Judge specifically found that Mrs. Wimmer's severe medical impairments could be expected to cause many work-related symptoms. (TR 24). It appears to the court that, as mandated by the United States Court of Appeals for the Fourth Circuit in <u>Mascio v. Colvin</u>, 780 F.3d 632, 639 (4th Cir. 2015) the Law Judge specifically considered plaintiff's subjective limitations in assessing her residual functional capacity. In short, the court is unable to discern any error in the Law Judge's credibility findings.

In must be recognized that this is a case in which none of plaintiff's treating physicians has suggested that she is disabled for all forms of work. Indeed, for the most part, her doctors have prescribed relatively conservative treatment for her myriad of problems, and have not suggested a need for more rigorous medical intervention. Considering all of these circumstances, the court believes that there is substantial evidence to support the Law Judge's finding that Mrs. Wimmer is not disabled. Thus, the Commissioner's final decision must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>.

6

Case 7:15-cv-00487-GEC   Document 19   Filed 07/26/16   Page 6 of 7   Pageid#: 550

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Wimmer is free of all pain, discomfort, fatigue, and sleeplessness. Indeed, the medical record confirms that plaintiff suffers from serious medical problems which can be expected to result in significant work-related symptoms. However, it must again be noted that none of the doctors who have treated plaintiff's sleep apnea and fibromyalgia have suggested that she is totally disabled. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 26th day of July, 2016.

/s/ Gy Conrad
Chief United States District Judge